UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET COMB, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1834** |
| **ANADARKO US OFFSHORE CORPORATION, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Anadarko US Offshore, LLC's ("Anadarko") Motion to Dismiss.[1] Anadarko argues Plaintiffs' claims against it should be dismissed because Anadarko was the employer of decedent, Lee Comb, and is statutorily immune from suit in tort pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA").[2] Considering the motion, the opposition, the reply memorandum, the record, and the applicable law the Court finds that Plaintiffs' claims as alleged in the complaint appear to be barred by the exclusive remedy provision of the LHWCA. Plaintiffs request leave of Court to amend the complaint to clarify the claims against Anadarko. The Court finds that Plaintiffs' proposed amendment is not clearly futile, as it alleges factual circumstances that may fall outside the scope of the LHWCA, and thus may not be barred by its exclusivity provision. As such, the Court denies the motion and grants Plaintiffs leave of Court to amend the Complaint to clarify any claims against Anadarko.

### I. Background

On July 22, 2024, Plaintiffs Janet Comb, Kay Comb Guillory, Deidre Comb Landry, and

---

[1] Rec. Doc. 139.

[2] *Id.*

1

Penny Comb Baker (collectively "Plaintiffs"), the statutory survivors of Lee Comb, filed a Complaint in this Court against Defendants Baker Hughes Oil Field Operations, LLC, Chevron Phillips Chemical Company, LP, Union Carbide Corporation, National Oilwell Varco, LP, United States Steel Corporation, Cleveland-Cliff, LLC, Ameron International Corporation, Eaton Corporation, Flowserve US Inc., FMC Corporation, Gardner Denver Inc., Gorman-Rupp Company, Goodrich Corporation, Goulds Pumps, LLC, Grinnell, LLC, IMO Industries Inc., ITT Inc., Lufkin Gears, LLC, Pneumo Abex Corporation, Redco Corporation, Standco Industries Inc., Goodyear Tire and Rubber Company Inc., The William Powell Company, Warren Pumps Inc., Yuba Heat Transfer, LLC, NOV Inc., and Anadarko US Offshore, LLC (collectively "Defendants"). The Complaint alleges the decedent, Lee Comb ("Mr. Comb"), suffered exposure to asbestos and asbestos-containing products which were designed, manufactured, sold, supplied, and/or maintained by Defendants.[3] The Complaint states that Defendants failed to provide Mr. Comb with a safe place in which to work free from hazards of asbestos, which ultimately led to Mr. Comb contracting malignant lung cancer.[4] The Complaint provides that Mr. Comb died on August 4, 2023, allegedly caused by his battle with lung cancer.[5]

The Complaint alleges Mr. Comb was exposed to asbestos while employed by Anadarko to service switches and pumps on oil drilling and production platforms onshore and offshore along the coastal region from approximately 1970 to 1980.[6] The Complaint further alleges each of the Defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled,

---

[3] Rec. Doc. 1 at 7.

[4] *Id.*

[5] *Id.* at 8.

[6] *Id.*

2

transported, installed, supplied, and/or sold asbestos-containing products which led to Mr. Comb being exposed to asbestos-containing products equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant, mineral substances commonly called "asbestos".[7] Plaintiffs bring claims for strict liability and negligence against Anadarko under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and/or the Outer Continental Shelf Lands Act ("OCSLA") for injuries sustained by Mr. Comb while employed by Anadarko.[8] Plaintiff also brings claims for strict liability against Anadarko as premises owner for failing to provide a safe place to work, free from hazards of asbestos.[9] Plaintiffs also bring claims against all named defendants, including Anadarko, for willful and wanton conduct and punitive damages.[10] On September 25, 2024, Plaintiffs filed an amended complaint withdrawing the intentional tort and punitive damages claims.[11]

On December 12, 2024, Anadarko filed the instant motion to dismiss.[12] On January 14, 2025, Plaintiffs filed an opposition to the motion.[13] On January 17, 2024, Anadarko filed a reply memorandum in further support of the motion.[14]

## II. Parties' Arguments

### A.   *Anadarko's Argument in Support of the Motion*

---

[7] *Id.*

[8] *Id.* at 9.

[9] *Id.* at 20.

[10] *Id.* at 22.

[11] Rec. Doc. 89.

[12] Rec. Doc. 139.

[13] Rec. Doc. 148.

[14] Rec. Doc. 150.

3

Anadarko argues Plaintiffs' claims are barred by the LHWCA because Plaintiffs' claims are brought in connection with injuries sustained by the decedent while employed by Anadarko on oil drilling and production platforms on the Outer Continental Shelf.[15] Anadarko explains under § 1333(b) of the OCSLA, the LHWCA is the exclusive remedy of an injured employee against his employer for an injury occurring on a fixed platform on the Outer Continental Shelf.[16] Anadarko contends the Fifth Circuit has stated "there simply exists no underlying tort liability upon which to base a claim against the employer."[17] Anadarko contends Plaintiffs have failed to state a claim against it.[18] Anadarko avers Plaintiffs' claims are precluded by the exclusive remedy provision of the LHWCA.[19] Anadarko asserts Plaintiffs' tort claims must be dismissed.[20]

### B.   *Plaintiffs' Argument in Opposition to the Motion*

In opposition, Plaintiffs argue statute and caselaw do not support Anadarko's argument.[21] Plaintiffs contend when survivors of a decedent bring state-law claims based on asbestos exposure, courts apply the law in effect when the exposure occurred.[22] Plaintiffs admit that the original and amended complaints are vague as to the timeline of exposure, noting the 1972 amendment to the LHWCA.[23] Plaintiffs further argue the original and amended complaints allege exposure from

---

[15] Rec. Doc. 139-2 at 1.

[16] *Id.* at 3.

[17] *Id.* at 4 (citing *Robin v. Sun Oil,* 548 F.2d 554, 556 (5th Cir. 1977).

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 148 at 1.

[22] *Id.*

[23] *Id.* at 2.

4

land-based employment, which would not be subject to the LHWCA.[24] Plaintiffs request that they be allowed to file a second amended complaint to amend the jurisdictional and venue allegations and to include supplemental jurisdiction for state-based tort claims due to land-based employment.[25]

## C.    *Anadarko's Argument in Further Support of the Motion*

In further support of the motion, Anadarko argues Plaintiffs' amendment would be futile.[26] Anadarko contends because Mr. Comb's alleged asbestos exposure occurred during his employment by Anadarko on the Outer Continental Shelf, the entirety of his injury, even if caused in part by alleged land-based exposure, is compensable under the LHWCA's non-apportionment rule.[27] Anadarko argues the LHWCA strictly immunizes Anadarko from Plaintiffs' state law tort claims.[28] Anadarko explains Section 1333(b) of the OCSLA extends the LHWCA to non-seamen employed on the Outer Continental Shelf, and guaranteed compensation is provided in lieu of tort damages against employers.[29] Anadarko contends the LHWCA provides employers and co-employees immunity from tort suits, including wrongful death actions, for employees covered by the Act.[30]

Anadarko further argues allowing Plaintiffs to file an amended complaint adding state law

---

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 150 at 1.

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 3.

claims against Anadarko would be futile.[31] Anadarko explains the "non-apportionment rule" prohibits attempts to apportion claims between covered and non-covered exposures; instead, the entire disease is covered by the LHWCA if the employment contributed to the disease.[32] Because Plaintiffs allege that Mr. Comb's direct employment with Anadarko caused his mesothelioma, Anadarko explains, under the non-apportionment rule, LHWCA benefits can be claimed, including for the portion of the disease that may have been caused by alleged land-based exposures.[33] Anadarko contends the Fifth Circuit has recognized the non-apportionment principle, holding that the LHWCA applies in occupational diseases when some exposures occur in areas not covered by the Act.[34] Anadarko argues it would be a futile task to medically separate which exposures caused Mr. Comb's mesothelioma.[35]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[36] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] "Factual allegations must be enough to raise a right to relief above the

---

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 5.

[35] *Id.* at 6.

[36] Fed. R. Civ. P. 12(b)(6).

[37] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

speculative level."[39] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[41] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[42] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[43] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[44] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[45] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[46] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[47] If factual allegations are insufficient to raise a right to relief above

---

[39] *Twombly*, 550 U.S. at 555.

[40] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[41] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[42] *Iqbal*, 556 U.S. at 678–79.

[43] *Id.* at 679.

[44] *Id.* at 678.

[45] *Id.*

[46] *Id.*

[47] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[48]

## IV. Analysis

Plaintiffs, the statutory survivors of Mr. Comb, bring claims against Anadarko under the LHWCA for allegedly exposing Mr. Comb to asbestos-containing materials during his employment with Anadarko. Anadarko moves to dismiss Plaintiffs' claims, arguing that Plaintiffs' claims are barred because the LHWCA is the exclusive remedy of an injured employee against his employer for an injury occurring on a fixed platform on the Outer Continental Shelf.

The LHWCA is a federal workers' compensation statute providing covered maritime workers with "medical, disability, and survivor benefits for work-related injuries and death."[49] Before 1972, the statute covered only workers on "navigable waters of the United States (including any dry dock)."[50] But, in 1972, Congress amended the Act and "extend[ed] the LHWCA landward."[51] The LHWCA provides compensation for disability or death resulting from work-related injuries "without regard to fault" and includes an express exclusivity provision which provides:

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer…[52]

---

[48] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[49] *MMR Constructors, Inc. v. Dir., Office of Workers' Comp. Programs*, 954 F.3d 259, 262 (5th Cir. 2020) (citation and internal quotation marks omitted).

[50] *Id.* (citing 33 U.S.C. § 903(a) (pre-1972)).

[51] *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 719, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980).

[52] 33 U.S.C. § 905(a).

Based on this provision, Anadarko argues that Plaintiffs' claims against it are barred. This Court agrees that the claims as alleged in the Amended Complaint appear to be barred. The Fifth Circuit has held that an employer "could not have any 'liability in damages to the plaintiff' for negligence because Section 5 of the Longshoremen's and Harbor Workers' Compensation Act destroys any underlying tort liability of the employer."[53] "[T]here simply exists no underlying tort liability upon which to base a claim against the employer."[54] "The Fifth Circuit has made clear that, if the LHWCA covers an employee's injury, his only remedy against an employer lies in workers' compensation."[55] Considering this binding authority, the Court finds that Plaintiffs' claims against Anadarko are barred by the exclusive remedy provision of the LHWCA.

In opposition, Plaintiffs request that they be allowed to file a second amended complaint to amend the jurisdictional and venue allegations and to include allegations related to dates of exposure, and to supplement jurisdiction for state-based tort claims due to land-based employment.[56] Anadarko argues that Plaintiffs' proposed amendments would be futile. The Court disagrees. Because Mr. Comb was diagnosed with mesothelioma and was allegedly exposed during the 1970's, Mr. Comb could potentially fall within the "twilight zone."[57] The "twilight zone" is an area of concurrent jurisdiction that applies on a case-by-case basis.[58] The Supreme Court has limited the exclusivity provisions of LHWCA to cases outside the so-called twilight

---

[53] *Robin v. Sun Oil Co.,* 548 F.2d 554, 556–57 (5th Cir. 1977).

[54] *Ocean Drilling & Exploration Co. v. Berry Bros. Oilfield Serv.,* 377 F.2d 511, 515 (5th Cir.), cert. denied, 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967).

[55] *Cortez v. Lamorak Ins. Co.,* 597 F. Supp. 3d 959, 971 (E.D. La. 2022) (citing *Rosetti v. Avondale Shipyards, Inc.*, 821 F.2d 1083, 1085 (5th Cir. 1987)).

[56] *Id.*

[57] *See, e.g., Barrosse v. Huntington Ingalls, Inc.,* 70 F.4th 315, 318 (5th Cir. 2023).

[58] *Id.* (citing *Sun Ship,* 447 U.S. 715, 717, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980)).

zone.[59] "The Supreme Court has recognized that LHWCA remedies exist concurrently with state-law remedies, including at least some state-law tort claims, in the twilight zone"[60] "When survivors of a decedent bring state-law claims 'based on asbestos exposure,' we apply 'the law in effect when the exposure occurred.'"[61]

The Court finds that Plaintiffs' proposed amendment is not clearly futile, as it alleges factual circumstances that may fall outside the scope of the LHWCA, and thus may not be barred by its exclusivity provision. As such, the Court shall grant Plaintiffs leave of Court to amend the complaint to clarify its claims against Anadarko.

Accordingly,

**IT IS HEREBY ORDERED** that Anadarko's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave of Court to file an amended complaint clarifying its claims against Anadarko within 14 days of this Order and Reasons. If Plaintiffs fails to amend the Complaint, or if Plaintiff's amendments do not assert a valid claim against Anadarko, Anadarko is granted leave to file responsive motions if necessary.

**NEW ORLEANS, LOUISIANA** this  10th   day of June, 2025.

                                                             **NANNETTE JOLIVETTE BROWN**
                                                             **UNITED STATES DISTRICT JUDGE**

---

[59] *Id.*

[60] *Id.* at *321.

[61] *Savoie v. Huntington Ingalls, Inc.,* 819 F.3d 457, 464 (5th Cir. 2016).